# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LANE,<br><br>　　　　　　　　　　Petitioner,<br><br>　vs.<br><br>M.A. MUNTZ, Warden,<br><br>　　　　　　　　　　Respondent. | CASE NO. 05CV1816 IEG (BLM)<br><br>**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (2) DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254; AND (3) DENYING CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 2253(c)(1)(A)**<br><br>(Doc. No. 1) |

On September 19, 2005, Michael Anthony Lane ("petitioner"), a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his July 17, 2003 conviction for possession for sale of cocaine base in San Diego Superior Court Case No. SCD 171751. On May 31, 2006 Magistrate Judge Barbara L. Major filed a Report and Recommendation, recommending that the Court deny the petition on its merits. On June 15, 2006, and August 15, 2006, Petitioner filed objections to the Report and Recommendation.

Following *de novo* review of Petitioner's claims, including review of the original briefing submitted by the parties and the underlying record and transcripts, for the reasons explained below, Petitioner's objections to the Report and Recommendation are rejected. The Court adopts in full Magistrate Judge Major's Report and Recommendation, and DENIES the petition for a writ of habeas corpus.

**DISCUSSION**

The Court incorporates by reference Magistrate Judge Major's fair and accurate recitation of the factual background and procedural background regarding Petitioner's claims. (Report and Recommendation ("R&R"), at. 2-5.) Magistrate Judge Major also correctly set forth the standard of review for Petitioner's claims under 28 U.S.C. § 2254(a). (R&R at 5-7.) Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews *de novo* those portions of the R&R to which petitioner objects. Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

*1.     The Fourth Amendment Claims*

Petitioner argues he was deprived of an opportunity to litigate his Fourth Amendment claims because the trial court did not compel the testimony of witnesses favorable to the defense. Specifically, petitioner contends that had the trial court allowed Officer Lara or Detective Sargent Nemec to testify, he would have proved that the contraband he was convicted of possessing was not in plain view and therefore subject to suppression as the fruit of an illegal search. Petitioner also argues that had he been permitted to call the witnesses, Officer Cesena's testimony regarding the circumstances of the arrest, would have been impeached. Petitioner objects that the R&R improperly concluded "even if petitioner wasn't arrested for the drugs or the domestic violence warrant that never existed, Officer Cesena had probable cause to arrest petitioner for the traffic violation or driving with (sic) suspended license."[1] (Obj. at 5.)

The R&R properly set forth the standard to be applied to petitioner's claim. Under clearly established federal law, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976). A petitioner is afforded a full and fair opportunity to litigate his claims when, for example, he is granted an evidentiary hearing and allowed to present

---

[1] On August 15, 2006, petitioner filed a supplemental addendum "based on the magistrate judge not considering the colorable claim ["the prosecutor did not justify that the San Diego police followed a standardized governing policy or practice when opening the closed container found within petitioner's vehicle during inventory (Traverse Ground B)] raised in his habeas petition and traverse." (Supplemental Briefing at 1.) However, for the reasons stated below, petitioner's Fourth Amendment claim is without merit and is summarily addressed by the Magistrate Judge's finding that petitioner's Fourth Amendment claims fail as a matter of law.

1  evidence and witnesses. Moormann v. Schriro, 426 F.3d 1044, 1053 (9th Cir. 2005).

2  The R&R also properly applied the legal standards regarding whether petitioner received
3  an opportunity to litigate his Fourth Amendment claims. As noted in the R&R, under California
4  law, a defendant may move to suppress evidence seized in violation of the Fourth Amendment.
5  See Cal. Penal Code § 1538.5 (Deering 2006). Because California law provides a defendant with
6  an opportunity to challenge the constitutionality of the evidence to be used against him, Fourth
7  Amendment violations are not cause for habeas corpus relief. Gordon v. Duran, 895 F.2d 610, 613
8  (9th Cir. 1990) ("Whether [petitioner] ... did in fact litigate this fourth amendment claim in state
9  court, he did have the opportunity ... given that [petitioner] had an opportunity in state court for
10 'full and fair litigation' of his fourth amendment claim, the Constitution does not require ... habeas
11 corpus relief").

12 In this case, because the state law under which petitioner was convicted provided petitioner
13 an opportunity to litigate his Fourth Amendment claims, petitioner's Fourth Amendment claims
14 are not grounds for federal habeas relief. Stone, 428 U.S. at 494. Furthermore, petitioner
15 exercised his right to challenge the search and seizure in his case at a suppression hearing and
16 again on appeal. (See Lodgement #2, Transcript of 1538 Motion Hearing; Lodgment # 6 People
17 v. Lane, D042554 (Cal. Ct. App. June 2, 2004.)) That petitioner's claims were denied in the state
18 court, and again on appeal, are also not sufficient grounds for habeas corpus relief, regardless of
19 whether petitioner was permitted to present every witness he wanted to present.[2] See Gordon, 895
20 F.2d at 613.

21 *2.  The Fifth Amendment Claims*

22 Petitioner claims that the trial court erred when it failed to advise petitioner of his Fifth
23 Amendment right to remain silent. Petitioner objects that the R&R misinterpreted his argument to
24 be that the court had a "duty" to advise him of his Fifth Amendment right. But, as he argued in

---

[2] Moreover, the trial court denied the motion to suppress, in large part, because it found petitioner to be an unreliable witness. (Lodgement # 6, People v. Lane, D042554 (Cal. Ct. App. June 2, 2004) ("In this matter, the court did not find [petitioner] to be a credible witness ... first of all, he was feeling the effects of cocaine base: he had only used it within 10-15 minutes prior to the stop ... he claims he did not have a lapse of memory ... he claims it did not affect his ability to relate, recall and recollect ... those are his claims ... but there is a reason why people do take controlled substances.")

1  his traverse, petitioner again argues that the trial court has a "duty to make sure that a witness who
2  might incriminate him or herself is protected by their fifth amendment right." (Obj. at 6; Traverse
3  at 10 ("The court has a 'duty' to ensure that the witness is fully advised of his/her Fifth
4  Amendment rights."))

5        The R&R properly noted that there is no Supreme Court case law in support of petitioner's
6  argument. The cases cited by petitioner in a supplemental brief filed on January 20, 2006, solely
7  address the rights of a witness testifying at a trial. E.g., Mason v. United States, 244 U.S. 36
8  (1917). Likewise, the California state court decisions cited by petitioner in his traverse are silent
9  as to whether there is a duty to warn a defendant, represented by counsel, of his Fifth Amendment
10 right to remain silent. E.g., People v. Warren, 161 Cal.App. 3d 961 (Cal. Ct. App. 1984). The
11 state court's failure to warn petitioner of his Fifth Amendment right to remain silent was,
12 therefore, neither contrary to nor an unreasonable application of clearly established federal law.
13 Williams v. Taylor, 529 U.S. 362, 405 (2000).

14 *3.*    *The Sixth Amendment Claims*
15     A.    Right to Compulsory Process

16       Petitioner claims he was denied his Sixth Amendment right to compulsory process because
17 counsel failed to interview, investigate, and subpoena witnesses. (Obj. at 9.) Petitioner objects that
18 Magistrate Judge Major improperly concluded that the testimony of the missing witnesses would
19 not have effected the outcome of the suppression hearing.

20       The R&R set forth the proper legal standard to be applied to Petitioner's confrontation
21 clause claim.[3] The Sixth Amendment provides a defendant with the right "to have compulsory
22 process for obtaining witnesses in his favor." U.S. Const. amend. VI; Williams v. Stewart, 441
23 F.3d 1030, 1055 (9th 2006) ("The Compulsory Process Clause guarantees a criminal defendant the
24 right to present relevant and material witnesses in his defense") (internal citations omitted).
25 "Violations of the right to compulsory process are subject to harmless error review." Stewart, 441
26 F.3d at 1055.

---

28     [3] Because the California Supreme court did not articulate a reason for denying petitioner's confrontation clause claim, as to the missing witnesses, the Court reviews the merits of petitioner's claims.

1   Here, the trial court's decision to preclude Officer Lara from testifying is harmless error.[4]
2 Petitioner claims that Officer Lara's testimony could have impeached Officer Cesena's testimony
3 and bolstered petitioner's own version of the facts.  However, as noted in the R&R, defense
4 counsel achieved both of those objectives during her cross examination of Officer Cesena.
5 (Lodgement #2, Transcript of 1538 Motion Hearing at 24.)  Furthermore, despite petitioner's
6 claims to the contrary, Officer Lara could not have testified as to why Officer Cesena first stopped
7 petitioner's vehicle; the reason Officer Cesena arrested petitioner; the timing of petitioner's arrest;
8 or offered any other evidence about what occurred before Officer Lara arrived on scene.
9 Accordingly, the state court's decision to continue the suppression hearing without allowing
10 petitioner to subpoena the missing officers was not an unreasonable application of clearly
11 established federal law.  Williams, 529 U.S. at 405 (2000).

12   B.   Ineffective Assistance of Counsel

13   Petitioner also argues he was denied his Sixth Amendment right to effective assistance of
14 counsel.  In support of his argument, petitioner claims counsel failed to "file a motion challenging
15 [petitioner's] alleged serious felony prior conviction, to review [petitioner's] rap sheet, [and]
16 investigate [petitioner's] criminal history."  (Obj. at 12.)  Petitioner also claims that counsel's
17 performance was deficient because she did not "ask petitioner specific questions concerning
18 [petitioner's] prior battery conviction" and failed to "obtain information from the prosecutor who
19 has the burden of proof to present evidence that petitioner's prior conviction is a serious felony."
20 (Id.)  Petitioner contends that had counsel performed effectively he would have "only been
21 exposed to a maximum 11 years with half time, ... not 16 years at 80%."  (Id. at 13.)  Petitioner
22 objects that the R&R mistakenly concluded that his sentence would have been the same regardless
23 of counsel's alleged failure to investigate petitioner's criminal history.

24   The R&R set forth the proper legal standard to be applied to Petitioner's claim of

---

[4] Officer Lara did not testify at the suppression hearing because he was not under subpoena and the court declined to delay the case. (Lodgement #2, Transcript of 1538; Motion Hearing at 25-26.)

1  ineffective assistance of counsel.[5]  First, the petitioner must establish that his counsel's
2  performance fell below an objective standard of reasonableness. Summerlin v. Stewart, 341 F.3d
3  1082, 1093 (9th Cir. 2003) (*reversed in part*) (citing Strickland v. Washington, 466 U.S. 668, 688
4  (1984)).  Second, the petitioner must establish that he was prejudiced by his counsel's deficient
5  performance.  Id.  (citing Strickland, 466 U.S. at 694). In order to meet the first requirement, the
6  petitioner must overcome the "strong presumption that counsel's conduct falls within the wide
7  range of reasonable professional assistance." Id. (citing Strickland, 466 U.S. at 689).  This
8  requires the petitioner to identify specific material errors and omissions demonstrating that his
9  counsel's performance was outside the range of reasonableness.  United States v. Oplinger, 150
10 F.3d 1061, 1071 (9th Cir. 1998); United States v. Molina, 934 F.2d 1440, 1447 (9th Cir. 1989).
11 To establish prejudice, the petitioner must demonstrate a "reasonable probability that, but for
12 counsel's unprofessional errors, the result of the proceedings would have been different."
13 Woodford v. Visciotti, 537 U.S. 19, 22 (2002) (quoting Strickland, 466 U.S. at 694).  Bald
14 assertions unsupported by facts of ineffective assistance of counsel do not entitle a petitioner to an
15 evidentiary hearing on his counsel's alleged ineffectiveness.  Jones v. Gomez, 66 F.3d 199, 205
16 (1995).

17  Petitioner's claims of ineffective assistance of counsel, unsupported by the record, do not
18 warrant habeas relief.  For example, petitioner argues that trial counsel failed to independently
19 investigate and review petitioner's rapsheet.  Petitioner claims that had counsel adequately
20 investigated his criminal history, his sentence would not have been enhanced for a past battery
21 because counsel would have discovered that his conviction was not for battery/great bodily injury
22 inflicted.  In support of his argument petitioner contends that the California State Attorney General
23 and the California Court of Appeal both recognize that his past battery is not a felony strike
24 because there is no evidence that he inflicted great bodily injury on the victim.  Petitioner claims
25 that his battery/serious bodily injury conviction does not, per People v. Taylor, 118 Cal. App. 4th
26 11 (Cal. Ct. App. 2004), constitute a battery/great bodily injury conviction, thereby negating the

---

28  [5] Because petitioner failed to exhaust this claim for relief, the Court reviews the merits of his claim.

1  sentence enhancement imposed in his case.[6]

2  Petitioner's claim fails because the California Court of Appeal decided <u>Taylor</u> after petitioner was sentenced. Counsel is not ineffective for failing to guess and apply future decisions of the California Court of Appeal which could have impacted her service to petitioner.[7] Furthermore, the Court of Appeal did not hold, despite petitioner's assertion to the contrary, that his battery conviction was not one in which great bodily injury was inflicted. Rather, the Court of Appeal held that petitioner's case involves "the more typical situation where great bodily injury and serious bodily injury have the same meaning." (Lodgment # 13, D042554 (Cal. Ct. App. Oct. 20, 2004.))

Finally, as noted by both the Court of Appeal and the R&R, pursuant to California law petitioner is estopped from "complaining" about the sentence to which he agreed. <u>People v. Hester,</u> 22 Cal. 4th 290, 295 (Cal. 2000).[8] Petitioner pleaded guilty to one count of possession for sale of cocaine base, a prior conviction for the same offense, and the battery "strike" conviction in exchange for the district attorney's office dismissing the remaining charges and a mutually agreed upon nine year sentence. (Lodgement # 2, Transcript of Allocution Hearing at 51.) The Court of Appeal applied <u>Hester</u> to petitioner's appeal and declined to disturb petitioner's sentence. (Lodgment # 13, D042554 (Cal. Ct. App. Oct. 20, 2004.) This Court may not "reexamine state-court determinations on state-law questions ... in conducting habeas review." <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991). Therefore, petitioner's claim of ineffective assistance of counsel is denied.

---

[6] In <u>Taylor</u> the California Court of Appeal noted the "separate and distinct statutory definitions" of "great bodily injury" and "serious bodily injury" and explained that in certain circumstances, the statutory differences effect whether a defendant's sentence is enhanced. <u>Taylor</u>, 118 Cal. App. 4th at *24.

[7] Likewise, the California Attorney General interpreted petitioner's previous battery conviction as a non "strike" conviction only after the Court of Appeal's decision in <u>Taylor</u>. (Lodgement #12, Petitioner's Supplemental Briefing re <u>Taylor</u>.)

[8] On September 14, 2006, petitioner filed an "Addendum of Related Cases in Support of Ground '5' of Objections to Report and Recommendation." (Doc. No. 24.) The Court reviewed petitioner's addendum and finds his argument, that "there was insufficient evidence to support that petitioner's prior battery conviction constituted 'a serious' felony pursuant to the three strikes law" to be without merit. <u>See Hester</u>, 22 Cal. 4th at 295.

CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** petitioner's petition for a writ of habeas corpus with prejudice. Furthermore, the Court **DENIES** petitioner a certificate of appealability, as petitioner has not made a substantial showing that he has been denied a constitutional right.

**IT IS SO ORDERED**

DATED: September 26, 2006

*/s/ Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**